UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

OVIDIU MIHAI,

    Plaintiff,

v.

ELLEN L. LEE,
THE LAW OFFICES OF ELLEN L. LEE, LLC,
ELIEANA MIHAI, and
DAPHNE HALLAS,

    Defendants.

Civil Action No. TDC-15-1086

**MEMORANDUM ORDER**

On April 15, 2015, Plaintiff Ovidiu Mihai ("Mr. Mihai") filed a Complaint against his former wife, Elieana Mihai ("Ms. Mihai"); her divorce attorney, Ellen L. Lee, and Lee's law firm, The Law Offices of Ellen L. Lee, LLC; and the attorney's paralegal, Daphne Hallas (collectively, "Defendants") alleging that, through their actions in state divorce proceedings currently pending in the Circuit Court for Montgomery County, Maryland, Defendants have engaged in a conspiracy to defraud him in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) (2012).[1] Mr. Mihai identifies, but does not name as defendants, several other individuals connected to the divorce proceedings in the Circuit Court whom he believes to be part of this alleged RICO conspiracy, including Magistrate Lisa Segal, who allegedly recommended irrational *pendente lite* awards; Judge Marielsa A. Bernard,

---

[1] 18 U.S.C. § 1964(c) provides civil remedies for "[a]ny person injured in his business or property" through a violation of 18 U.S.C. § 1962.

who purportedly approved awards without reading the court file; and Judge Robert A. Greenberg, who allegedly improperly awarded attorney's fees to Lee.

Mr. Mihai alleges that Defendants are engaged in a scheme to "extort him into paying unreasonable amounts of money" by initiating and pursuing "an extremely long and litigious case in the Montgomery County Circuit Court of Maryland." Compl. ¶¶ 2, 3. He claims that the scheme involves "creating a false narrative" for the court, including deliberately arranging for Ms. Mihai to lose her job in order to convince the court to grant attorney's fees in her favor and at Mr. Mihai's expense. *Id.* ¶¶ 3, 22. The Defendants also allegedly plotted to secure "unreasonably high" *pendente lite* awards, consisting of garnishment for over a year of Mr. Mihai's wages and attorneys' escrow account that has left him "defenseless and subject to continuous litigation." *Id.* ¶ 26. Through the four years of litigation, including two trials and an appeal, the court has awarded over $75,000 in attorney's fees against him. Mr. Mihai claims that Ms. Mihai and her legal team have obtained these *pendente lite* and attorney's fee awards through unfair litigation tactics, such as excessive numbers of amended complaints, discovery requests and motions, making false statements in court proceedings, and refusing to engage in mediation. He alleges that Magistrate Segal is a friend of Lee and a "co-conspirator" by virtue of her recommendation that the court approve the *pendente lite* awards. *Id.* ¶ 11. Mr. Mihai asserts that Defendants' "plot is to continue to litigate indefinitely" and to shift the cost burden of that litigation onto him. *Id.* ¶ 29.

In the Complaint, Mr. Mihai alleges seven causes of action: (1) a RICO violation, under 18 U.S.C. § 1962(c); (2) RICO conspiracy, under 18 U.S.C. § 1962(d); (3) fraud; (4) tortious breach of contract by Ms. Mihai and Lee; (5) trespass to chattels; (6) unjust enrichment; and (7) civil conspiracy. In response, Lee, the Law Office of Ellen Lee, LLC, and Hallas (collectively,

2

the "Lee Defendants") filed a Motion to Dismiss in which they assert, in part, that this court lacks subject matter jurisdiction to hear Mr. Mihai's claims under the *Rooker–Feldman* doctrine. They are correct.

"Under the *Rooker–Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). This doctrine applies both to final and interlocutory orders of state courts. *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000). The doctrine bars "lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)). An issue is "inextricably intertwined" when it "was not actually decided by the state court but where success on the ... claim depends upon a determination that the state court wrongly decided the issues before it." *Brown & Root, Inc.*, 211 F.3d at 198. Because the doctrine is jurisdictional, courts "are obliged to address it before proceeding" to the merits of a given case. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002).

Here, although the Complaint is styled as a RICO action, Mr. Mihai is not, in substance, presenting an independent RICO claim against Ms. Mihai and her litigation team. Rather, he is seeking to revisit Defendants' state court victories. The core of Mr. Mihai's RICO and common law causes of action is his claim that Defendants were not entitled to the state court's *pendente lite* awards and attorney's fees approved by the state court. He even labels the state court magistrate and judge responsible for these rulings as co-conspirators, seeks an injunction against

the state court to bar it from conducting further proceedings in the divorce litigation, and requests the transfer of his divorce case to federal court. These claims squarely seek federal court review of rulings made by a state court, in contravention of the *Rooker-Feldman* doctrine. *Brown & Root, Inc.*, 211 F.3d at 201 ("[W]hen a party sues in federal district court to readjudicate the same issues decided in the state court proceedings, that action is in essence an attempt to obtain direct review of the state court decision in the lower federal courts in contravention of *Rooker–Feldman*."). To the extent that Mr. Mihai's seeks to recover for not just the state court awards against him, but also for his own costs of litigation, those claims are "inextricably intertwined" with the state court rulings, because his claim that the litigation is "fraudulent" and that he has been forced to bear the costs of "baseless litigation," can only succeed "upon a determination that the state court wrongly decided" the issues before it. *See id.* at 198.

Although none allege the same cause of action as in the divorce proceedings, each of counts in the Complaint are linked, in whole or in part, to the rulings of the state court. In Count I, alleging a RICO violation, 18 U.S.C. § 1962(c), and Count II, alleging a RICO conspiracy, 18 U.S.C. § 1962(d), Mr. Mihai asserts that Defendants have engaged in a criminal enterprise to use "lies, fraud, threats, and official bias," to coerce him into paying "irrational and unsustainable amounts of money," and have used a biased process and personal relationships, including with a court magistrate, to obtain "irrational awards" against Mr. Mihai, including attorney's fees. *Id.* ¶¶ 57, 69, 83. Count III, alleging fraud, claims that Defendants have "knowingly misrepresented, omitted, and/or concealed material facts in their pleadings" to "obtain favorable rulings" from the court. *Id.* ¶¶ 85, 88. In Count IV, alleging tortious breach of contract, Mr. Mihai complains that Ms. Mihai and Lee improperly breached their contract with each other by obtaining the attorney's fees awards from the court. *Id.* ¶ 93. In Count V, alleging trespass to

chattels, he asserts that Defendants have interfered with his use and enjoyment of his own funds through the fraudulent lawsuit. *Id.* ¶ 96. Count VI, alleging unjust enrichment, claims that Defendants "seek to obtain hundreds of thousands of dollars" from him through "a fraudulent and lengthy litigation process" and asks that the divorce case be transferred to federal court. *Id.* ¶¶ 100–101. Count VII, alleging a civil conspiracy, requests that this Court award Mr. Mihai "a preliminary and permanent injunction" against Defendants that would stop them from "commencing, or advancing in any way, directly or indirectly" his state divorce proceedings, and again requests that the divorce proceedings be transferred to federal court. *Id.* ¶ 107. These claims are "inextricably intertwined" with the state court proceeding because they can only succeed "upon a determination that the state court wrongly decided" certain award decisions or the case overall. *See Brown & Root, Inc.*, 211 F.3d at 198; *McNeil v. Maryland*, No. DKC 11-2495, 2012 WL 3643899, at *3-7 (D. Md. Aug. 22, 2012) (finding that the *Rooker-Feldman* doctrine barred the district court from hearing a case in which the plaintiff alleged a conspiracy among the plaintiff's ex-wife, attorneys, judicial officers, and others in state court family law proceedings, because the plaintiff's claims were dependent on assessment of the decisions of the state court); *Moyer v. Rudolph*, No. 96-2539, 1996 WL 243647, at *1-3 (E.D. Pa. May 6, 1996) (holding that the *Rooker-Feldman* doctrine barred consideration of a case alleging a conspiracy between the plaintiff's wife, attorneys, and court officials to violate his civil rights in family law proceedings).

The fact that Mr. Mihai has sued the opposing party in his divorce litigation rather than the state court, and that he has re-cast his claims under different legal theories such as RICO, does not alter this conclusion. In *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192 (4th Cir. 1997), the Democratic Party of Virginia ("DPV") obtained injunctions in state court,

pursuant to Virginia election laws, barring the Virginia Leadership Council ("VLC") from distributing voter guides relating to candidates for elected office. *Id.* at 195. The VLC sued the DPV in federal court, alleging a 42 U.S.C. § 1983 violation and various state law claims based on the theory that the legal restrictions on distribution constituted an unconstitutional prior restraint. *Id.* at 196. The United States Court of Appeals for the Fourth Circuit concluded that even though the suit was against the opposing party and was "refashion[ed]" under a different legal theory, § 1983, the *Rooker-Feldman* doctrine applied to bar the claim because it was, in essence, an attack on the state court judgment and was "inextricably intertwined" with the state court decisions to issue the injunctions. *Id.* at 202-03. Likewise, Mr. Mihai's recasting of his case as a RICO claim against Defendants does not overcome *Rooker-Feldman* when he is attacking the state court rulings.

Because, in this suit, Mr. Mihai essentially seeks to re-litigate his state divorce proceedings in this Court—so much so that he seeks an injunction against further activity in the state court and transfer of the proceedings to federal court—the *Rooker–Feldman* doctrine bars this Court from exercising subject matter jurisdiction over Mr. Mihai's claims.[2] *See American Reliable Ins. Co.,* 336 F.3d at 316 ("A litigant may not circumvent the[] jurisdictional mandates [of *Rooker–Feldman*] by instituting a federal action which, although not styled as an appeal, amounts to nothing more than an attempt to seek review of the state court's decision by a lower

---

[2] Mr. Mihai's request to move his divorce proceedings from state to federal court also fails because this Court would not have subject matter jurisdiction over any such case. *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992) (reiterating that "the domestic relations exception" to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees"). Similarly, his request for an injunction to halt his state divorce proceedings cannot succeed because the Anti-Injunction Act, 28 U.S.C. § 2283, expressly bars federal courts from "grant[ing] an injunction to stay proceedings in a State court" except when expressly authorized to do so by Congress, a situation not present here.

federal court.") (internal quotation marks, brackets, and citation omitted).

Accordingly, it is hereby ORDERED that the Lee Defendants' Motion to Dismiss, ECF No. 7, is GRANTED. Because the Court lacks subject matter jurisdiction over the case, the claims against Ms. Mihai must also be dismissed. *See* Fed. R. Civ. P. 12(h)(3). The case is therefore DISMISSED. The Clerk is directed to close the case.

Date: January 21, 2015

THEODORE D. CHUANG
United States District Judge